Patrick J. Schurr
State Bar No. 17853530
Email: patrick.schurr@solidcounsel.com
SCHEEF & STONE, L.L.P.
2601 Network Boulevard
Suite 102
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150

ATTORNEYS FOR PEDIAPLEX MANAGEMENT, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BLAKE ANDREW VAN KLEEF and** | § | **CASE NO. 19-33936-SGJ-7** |
| **KASI DeSHAE VAN KLEEF,** | § | |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |
| **PEDIAPLEX MANAGEMENT, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **ADVERSARY NO. _____** |
| | § | |
| **BLAKE ANDREW VAN KLEEF,** | § | |
| | § | |
| Debtor/Defendant. | § | |

## COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PediaPlex Management LLC ("Plaintiff" or "PediaPlex") and in support thereof would show unto the Court the following:

### I.
### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334(b) and the Standing Order of Reference from the United States District Court for the Northern

District of Texas and 28 U.S.C. §157(b).

2.      This is a core proceeding under 28 U.S.C. §157(b)(2)(A).

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

4.      The statutory predicate for the relief requested herein is section 523(a) of the

Bankruptcy Code.

## II.
### PARTIES

5.      Plaintiff is a Texas limited liability company organized under the laws of the State

of Texas.

6.      Defendant Blake Van Kleef is an individual resident of the State of Texas, the

Debtor in the above matter, and may be served with the summons and complaint by serving him

at 1466 Foster Street, Lantana, Texas 76226 and by serving his counsel in the chapter 7 case,

Mark Rubin, 13601 Preston Road, suite 500E, Dallas, Texas 75240.

## III.
### BACKGROUND AND PROCEDURAL HISTORY

7.      Defendant Van Kleef is the sole shareholder of CB Fence & Exteriors, Inc. ("CB

Fence").

8.      On or about May 15, 2018, Defendant Van Kleef, through CB Fence, executed a

fixed-price contract of $314,997.00 ($62.50 per square foot) with Plaintiff (the "Contract") to

perform the project located at 4537 Heritage Trace Parkway, Bldg. 11A, Fort Worth, Texas

76244 (the "Property" and/or the  "Project").

9.      Section 4 of the Contract expressly states that "*time is of the essence*."

Accordingly, Defendants materially represented to Plaintiff that the Project would be completed

by October 1, 2018. Plaintiff relied on such representation and calendared October 1, 2018, as its commencement date for transacting business and generating revenue.

10.    On or about July 26, 2018, Defendants began performance of the Project.

11.    Subsequently thereafter, Defendants defaulted under the terms of the Contract by failing to complete the Project by the agreed-upon completion date. In fact, Defendants did not complete the Project until the end of November 2018. Such delay was solely caused by Defendants' lack of management and oversight, poor workmanship, failure to pay subcontractors and to timely order materials, and repeat needs to re-do defective work. Defendants' failure to perform in accordance with the Contract has caused substantial injury to Plaintiff.

12.    In addition to Defendants' failure to adhere to the Project's completion date, Defendants' work was of such poor quality and craftsmanship that it will require correction at an additional expense to Plaintiff.

13.    Despite Defendants' failure to perform under the four corners of the Contact, Plaintiff paid the amount due to Defendants in accordance with the terms of the Contract. Plaintiff's performance of payment is evidenced by lien waivers executed and presented to Legacy Bank (the "Lien Waivers"). Within the Lien Waivers, Defendant Van Kleef represented that CB Fence had paid or would pay its subcontractors, materialmen, and suppliers for their work on the Project.

14.    That representation was false when made and Plaintiff relied on that statement in making payments to Defendants.

15.    After Plaintiff tendered payment of the amount due and owing under the Contract, Defendants made repeat demand for additional payment. Defendants sought payment of an additional $70,997.25 spent on alleged labor and materials for the Project. Plaintiff refused to

pay such demand as the parties had executed a *fixed price contract*. Critically, under this type of contract, the responsibility for managing the work to meet the needs of the project falls squarely upon the contractor and the stipulated contract sum is both vital and controlling.

16.     Further, Defendants' demand was without merit because Defendants failed to follow the change order procedure outlined in Section 6 of the Contract whereby Defendants were required to submit written detailed estimates, with supporting calculations, pricing and adjustments in the schedule of the change to the Contract price and Contract time. Throughout the entirety of the Project, no change orders were ever presented to Plaintiff nor were any approvals for changes in the work or time authorized by Plaintiff.

17.     Despite the aforementioned facts, Defendants filed a mechanic's and materialmen's lien (the "Lien") against the Property for the allegedly unpaid sum of $70,997.25. Defendants' encumbered Plaintiff's interest in the Property by way of filing the fraudulent and meritless Lien.

18.     On August 21, 2019, Plaintiff sent a demand letter seeking immediate release of the invalid and fraudulent Mechanic's Lien and demand for payment (the "Demand Letter") to Defendants via certified mail.

19.     Ultimately, Plaintiff was forced to tender $25,000.000 to Defendant to obtain a timely release of the fraudulent Lien because Plaintiff was trying to close on a loan that required removal of the fraudulent lien. Note that Plaintiff continues to vehemently deny the validity of the Lien and only agreed to resolution by way of the settlement offer to timely extinguish the fraudulent Lien and free its interest in the Property.

20.     Defendants' failure to timely and properly complete the Project constitute material breach under the Contract. Plaintiff has suffered substantial damages due to Defendants'

egregious delay in competition of the Project (7+ weeks). The two-month delay resulted in a total net income loss of $108,614.92.

21.     The filing of the fraudulent lien caused Plaintiff to suffer substantial damages in the amount of $25,000 to effect removal of the same.

22.     The release of lien was filed on November 27, 2019.

23.     Defendant Van Kleef filed this proceeding on November 27, 2019 (the "Chapter 7 Case").

24.     Defendant Van Kleef, despite receiving a demand letter on August 21, 2019, less three months before filing this proceeding, setting forth the various claims of Plaintiff against the Defendant, did not list the Plaintiff as a creditor in his Schedules (Document No. 1) or list same on his creditor matrix.

25.     On April 15, 2020, Plaintiff filed its original petition against Defendant Van Kleef and CB Fence in the 236th District Court for Tarrant County, Texas, Cause No. 236-316472-20, styled *PediaPlex Management, LLC vs. CB Fence and Exteriors, Inc. and Blake Van Kleef* (the "State Court Action") seeking damages for (a) breach of contract; (b) violations of the Texas Deceptive Trade Practices & Consumer Protection Action (the "DTPA"); (c) violations of Chapter 12 of the Texas Civil Practice & Remedies Code; (d) damages, including actual and treble damages; and (e) attorney's fees (the "Claims").  A true and correct copy of the Plaintiff's Original Petition in the State Court Action is attached hereto as Exhibit "A" and incorporated herein.

26.     While Plaintiff was attempting to serve Defendant in his individual capacity and as registered agent for CB Fence in the State Court Action, on April 30, 2020, Defendant amended his Schedule F (Document No. 30) to add Plaintiff and its counsel and sent the Notice

of Commencement of Case under chapter 7 (the "Notice")(Document No. 8) to Plaintiff and its

counsel as reflected in the Certificate of Service (Document No. 31) filed in the Chapter 7 Case.

27.    The deadline to file complaints to determine dischargeability in the Defendant's

Chapter 7 Case was March 9, 2020 (Document No. 8).

28.    Plaintiff learned of Defendant's Chapter 7 Case on or about April 24, 2020 when

it received the Notice.

29.    Such Notice was received after the deadline to allow Plaintiff to bring a complaint

to determine dischargeability of its Claims in the Defendant's Chapter 7 Case.

## IV.
### CAUSE OF ACTION – DECLARATORY RELIEF

30.    Plaintiff realleges and incorporates by reference the allegations set forth in

paragraphs one through twenty-nine, supra, as if fully copied herein.

31.     Section 523 provides in the pertinent part:

(a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b),  or 1328(b) of
this title does not discharge an individual debtor from any debt –

(3) neither listed nor scheduled under section 521(a)(1) of this title, with the
name, if known to the debtor, of the creditor to whom such debt is owed, in
time to permit --

(B)     if such debt is of a kind specified in paragraph (2), (4) or (6) of this
subsection, timely filing of a proof of claim and timely request for a
determination of dischargeability of such debt under one of such
paragraphs, unless such creditor had notice or actual knowledge of the
case in time for such timely filing and request;….

32.    The Defendant's Chapter 7 Case is still open, however, it is a no asset estate such

that Plaintiff cannot file a proof of claim and Plaintiff was added to the Defendant's Chapter 7

Case after the deadline to file complaints to determine dischargeability of debts.

33.    Plaintiff is therefore entitled to a declaratory judgment determining, pursuant to

section 523(a)(3)(B), that Plaintiff's Claims have not been discharged pursuant to section

523(a)(3)(B) of the Bankruptcy Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court

grant the relief requested in this complaint; declare that the Claims of Plaintiff are

nondischargeable pursuant to section 523(a)(3)(B) of the Bankruptcy Code and for such other

relief as is just and proper.

Respectfully submitted this the 19th day of June, 2020.

**SCHEEF & STONE, L.L.P.**
2600 Network Boulevard
suite 400
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150


By: /s/ Patrick J. Schurr
    Patrick J. Schurr
    State Bar No. 17853530
    Patrick.schurr@solidcounsel.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was
served on counsel for the Debtor, Mark Rubin, 13601 Preston Road, suite 500E, Dallas, Texas
75240, and the chapter 7 trustee, Robert Yaquinto, 509 North Montclair, Dallas, Texas 75208,
via electronic means, on this the 19th day of June, 2020.


 /s/ Patrick J. Schurr
Patrick J. Schurr