

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 29, 2021**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BLAKE ANDREW VAN KLEEF and | § | CASE NO. 19-33936-SGJ-7 |
| KASI DeSHAE VAN KLEEF, | § | |
| | § | |
| Debtors. | § | |
| _____ | § | |
| | § | |
| PEDIAPLEX MANAGEMENT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ADVERSARY NO. 20-03082-sgj |
| | § | |
| BLAKE ANDREW VAN KLEEF, | § | |
| | § | |
| Debtor/Defendant. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came before the Court for a trial which was held on September 22, 2021 and Plaintiff PediaPlex Management Limited Liability Company having filed its proposed Findings of Fact and Conclusion of Law on January 4, 2021 [ECF No. 12].

In accordance with Rule 52(a) of the Federal Rules of Civil procedure, and having reviewed the Plaintiff's proposed findings of fact and conclusions of law as well as the record, the Court makes the following findings of fact and conclusions of law.

## I.
### FINDINGS OF FACT

1. Defendant Blake Van Kleef ("Defendant") was president and sole shareholder of CB Fence and Exteriors, Inc.

2. There is no entity known as CB Exteriors.

3. Plaintiff PediaPlex Management Limited Liability Company ("PediaPlex" or "Plaintiff") is a Texas limited liability company organized under the laws of the State of Texas.

4. Sonia Kirkpatrick is the manager and chief executive officer of PediaPlex.

5. On or about May 8, 2018, Defendant viewed the property located at 4537 Heritage Trace Parkway, Bldg. 11A, Fort Worth, Texas 76244 (the "Property" and/or the "Project") prior to executing an agreement with Plaintiff.

6. Plaintiff does not own the Property but leases same.

7. Defendant represented to Plaintiff that the work would be performed in a good and workmanlike manner..and in conformance with the Contract documents.

8. Plaintiff in reliance upon such representation executed the Contract with Defendant on May 15, 2018.

9. Defendant represented to Plaintiff that Defendant would not hire a superintendent for the Project.

10. Defendant submitted invoice no. 1070 dated May 14, 2018 to perform the work at the Project in the amount of $314,997.00 (the "Invoice") to the Plaintiff.

11. Defendant represented to the Plaintiff that the work would be completed for the sum of $314,997.00.

12. This representation that the work would be completed for the sum of $314,997.00 was material.

13. Plaintiff in reliance upon such representation executed the Contract with Defendant on May 15, 2018.

14. On or about May 15, 2018, Defendant, through CB Fence, executed a Construction Contract in the amount of $314,997.00 ($62.50 per square foot) with Plaintiff (the "Contract") to perform the Project.

15. Section 4 of the Contract states that "[t]ime is of the essence of (sic) this agreement. The Contractor shall provide the Owner with a progress and completion schedule and shall confirm to that schedule, including any changes to that schedule agreed to between the Owner and the Contractor or required by circumstances beyond Contractor's control."

16. On May 16, 2018, Defendant advised Plaintiff that his Invoice did not "have overhead and superintendent costs..."

17. On or about July 26, 2018, Defendant commenced work on the Project.

18. Defendant did not compete the Project until November 2018.

19. Defendant received the sum of $299,340.00 for the work on the Project under the Contract.

20. Defendant did not submit any change orders to the Plaintiff for the Project.

21. Defendant did not provide Plaintiff with a completion schedule as required under section 4 of the Contract.

22. On January 18, 2019, Defendant, in his capacity as the authorized representative of CB Fence and Exteriors, Inc., filed an Affidavit for Mechanic's and Materialman's Lien in the Tarrant County Clerk's Office under Instrument No. D219011259 in the amount of $70,997.25 (the "Lien Affidavit").

23. The Lien Affidavit asserted a lien against the real property of the Project, not the leasehold interest of the Plaintiff in the Property.

24. On April 9, 2019, Defendant filed an Amended Affidavit for Mechanic's and Materialman's Lien in the Tarrant County Clerk's Office under Instrument No. D219072577 in the amount of $70,997.25 (the "Amended Lien Affidavit").

25. The Defendant was not entitled to be paid an additional $70,997.25 for alleged work and materials provided to the Project.

26. The Defendant did not submit any change orders to the Plaintiff for the additional $70,997.25 for alleged work and materials provided to the Project.

27. By letter dated August 21, 2019, Plaintiff demanded Defendant to remove the Amended Lien Affidavit against the Project.

28. On November 15, 2019, Plaintiff paid Defendant the sum of $25,000.00 to release the Amended Lien Affidavit.

29. On November 15, 2019, Plaintiff paid the lawfirm of Cutler Smith the sum of $5,000.00 in connection with the release of the Amended Lien Affidavit.

30. The Release of the Amended Lien Affidavit was filed on November 27, 2019 in the Tarrant County Clerk's Office under Instrument No. D219274682.

31. The Defendant filed for protection under chapter 7 of the Bankruptcy Code on November 27, 2019.

32. The Defendant did not list the Plaintiff as a creditor on his Schedule E/F in his bankruptcy proceeding when he filed on November 27, 2019.

33. The Defendant did not list the Plaintiff on his creditor matrix in his bankruptcy proceeding when he filed on November 27, 2019.

34. The deadline to file complaints to determine the dischargeability of debts in the Defendant's bankruptcy proceeding was March 9, 2020.

35. On April 15, 2020, Plaintiff filed its Original Petition against Defendant and CB Fence and Exteriors, Inc. in the 236th Judicial District court for Tarrant County, Texas, Cause No. 236-316472-20 (the "State Court Lawsuit").

36. On April 30, 2020, Defendant amended his Schedule E/F in his bankruptcy proceeding to include the Plaintiff as a creditor.

37. The total amount of damages suffered by the Plaintiff and sought to be determined to be nondischargeable under 11 U.S.C. §523(a)(2)(A) is $138,292.15.

38. The amount of attorneys' fees incurred by the Plaintiff and sought be determined nondischargeable under 11 U.S.C. §523(a)(2)(A) is $40,128.75.

39. If awarded by the Court for the filing of a fraudulent lien in violation of chapter 12 of the Texas Civil Practice & Remedies Code, the exemplary damages sought herein should be determined to be nondischargeable under 11 U.S.C. §523(a)(2)(A).

## II.
### CONCLUSIONS OF LAW

1. Plaintiff is a creditor of the Defendant.

2. Plaintiff had no actual knowledge of the Defendant's filing for relief under chapter 7 of the Bankruptcy Code on November 27, 2019.

3. The Lien Affidavit and Amended Lien Affidavit were fraudulent as said term is

defined in section 12.002(a) of the Texas Civil Practice & Remedies Code.

4. The Defendant knew that the Lien Affidavit and Amended Lien Affidavit were fraudulent liens or claims against the Project as defined in section 12.002(a)(1) of the Texas Civil Practice & Remedies Code.

5. The Defendant filed the Lien Affidavit and Amended Lien Affidavit (the "Affidavits") with the intent that the Affidavits be given the same legal effect as a court record or document of a court created by or established under the constitution to laws of this State pursuant to section 12.002(a)(2) of the Texas Civil Practice & Remedies Code.

6. The Defendant filed the Affidavits with the intent to cause Plaintiff to suffer financial injury.

7. Plaintiff was injured as a result of the Defendant's filing of the fraudulent Lien Affidavit and Amended Lien Affidavit in the amount of $30,000.00 plus attorneys' fees.

8. The amount of the damages suffered by the Plaintiff as a result of the actions of the Defendant in the amount of $30,000.00 plus reasonable attorneys' fees of $40,128.75 is nondischargeable under 11 U.S.C. §523(a)(2)(A).

9. The amount of exemplary damages suffered by the Plaintiff as a result of the actions of the Defendant pursuant to section 12.002(b)(4) of the Texas Civil Practice & Remedies Code.in the amount of $10,000.00 is nondischargeable under 11 U.S.C. §523(a)(2)(A).

## III.
## CONCLUSION

In light of the findings of fact and conclusions of law, the Court ORDERS that Judgment on behalf of Plaintiff be entered.

##end of order##

APPROVED:

SCHEEF & STONE, L.L.P.
2600 Network Boulevard
Suite 400
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150


By:  /s/ Patrick J. Schurr
    Patrick J. Schurr
    State Bar No. 17853530
    Email: patrick.schurr@solidcounsel.com

ATTORNEYS FOR THE PLAINTIFF